🖫 **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
RICHMOND COUNTY, GEORGIA
**2025RCCV00858**
JOHN FLYTHE
OCT 10, 2025 09:57 AM

Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

IN THE SUPERIOR COURT OF RICHMOND COUNTY
STATE OF GEORGIA

| | |
|---|---|
| C.N. BROWN PLASTICS, INC. ) | |
| ) | |
| Plaintiff ) | CIVIL ACTION FILE NO.: |
| ) | |
| v. ) | |
| ) | |
| QUALITY CARRIERS, INC. ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT FOR DAMAGES

COMES NOW C.N. Brown Plastics, Inc., as Plaintiff and file this its Complaint for Damages against Quality Carriers, Inc., as Defendant. In support thereof, Plaintiff respectfully shows the following:

1. Defendant Quality Carriers, Inc. (QC) is a foreign profit corporation with an office and place of transacting business in Richmond County, Georgia. Said Defendant is subject to jurisdiction of the Court and may be served by serving its registered agent at CT Corporation System, 289 S Culver Street, Lawrence, Georgia 30046.

2. Plaintiff C.N. Brown Plastics, Inc. is in the chemical supply business with an office and place of transacting business in Columbia County Georgia.

3. Venue is proper in this Court.

4. QC is in the business of transporting bulk chemicals using tanker trucks through a network of terminals located throughout the United States.

5. Since 2022, Plaintiff has contracted with QC to facilitate the transfer of chemicals and other materials to Plaintiff's customers.

6. On or about April 23, 2025, Plaintiff contracted with QC to load, transfer, and

deliver a supply of Vikoflex 7170 epoxidized soybean oil ("ESO") from a rail car at a terminal in Elizabeth, New Jersey to Plaintiff's customer, Penn Color, in Hatfield, Pennsylvania and in Elmwood Park, New Jersey.

7. In performing its contract with Plaintiff, QC had a duty to ensure that the tankers used for the delivery were clean and free of any chemicals or other materials that would damage or contaminate the ESO being delivered to Penn Color.

8. In performing its contract with Plaintiff, QC loaded two tankers with ESO from the same rail car number GATX 70380. One tanker with ESO was delivered to the Penn Color facility in Hatfield, Pennsylvania and the second tanker with ESO was delivered to the Penn Color facility in Elmwood Park, New Jersey.

9. When the ESO product was tested and inspected at Penn Color's Hatfield, PA facility, the product was rejected by Penn Color based on contamination that rendered the ESO impure and unsuitable for its intended purpose.

10. Conversely, when the ESO product was inspected upon delivery at Penn Color's Elmwood, NJ facility, the product was likewise tested but found to be acceptable and free from any contamination.

11. Defendant QC was negligent by failing to ensure that the ESO product delivered to Penn Color's Hatfield, PA facility was placed in a tanker free from a foreign chemical or other material that contaminated the ESO, thereby authorizing Penn Color to reject the sale.

12. After the sale was rejected by Penn Color due to ESO contamination Plaintiff notified QC of the rejection and demanded to be compensated for the loss of the sale to Penn Color and for a refund of the amount paid to QC before the negligence was discovered. That demand was rejected by QC.

13. As a direct result of QC's negligence as alleged herein, Plaintiff has suffered damages of $42,524.36 based on its lost sale to Penn Color; plus $1,898.36 paid to QC before discovery of the negligence alleged herein; plus, its lost profit on expected sale to Penn Color.

14. Defendant QC has acted in bad faith, been stubbornly litigious, and has caused Plaintiff unnecessary trouble and expense, thereby entitling Plaintiff to recover its reasonable attorney fees and expenses of litigation.

15. In no event shall Plaintiff's total recovery, including damages, attorney fees, litigation expenses, and court costs exceed the sum of $74,500.00.

**WHEREFORE,** Plaintiff respectfully prays for the following:

(a)     That Defendant be served in the manner provided by law;

(b)     That Plaintiff be awarded damages shown by the evidence at trial in an amount up to but not exceeding the sum of $74,500.00;

(c)     That Plaintiff recovers all costs of this action; and

(d)     That Plaintiff have such other and further relief as justice requires under the circumstances.

Respectfully submitted, this 10th day of October 2025.

/s/ *Harry D. Revell*
Harry D. Revell
Georgia Bar No: 601331
*Attorney for Plaintiff*

**Nicholson Revell LLP**
4137 Columbia Road
Augusta, GA 30907
Phone: 706-722-8784
Fax: 706-722-6595